## Village of Rankin v. Robert Smith.

1. MUNICIPAL CORPORATIONS—*Duty as to Streets in the Outskirts.*—The law does not require cities and villages to keep the entire width of streets and highways in sparsely settled portions, or in the outskirts of their territorial limits, in suitable and safe condition and repair for the passage of teams and vehicles.

Trespass on the Case. for personal injuries. Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the May term, 1895. Reversed and remanded. Opinion filed December 10, 1895.

W. J. CALHOUN and H.M. STEELY, attorneys for appellant; E. R. E. KIMBROUGH, of counsel.

A city or village is not required to keep the entire width of a street or highway in its outskirts, or sparsely settled portions of its territorial limits, in suitable and safe condition or repair for the passage of teams and vehicles. Such duty only extends to the traveled part or that part of the highway which is in actual use, provided it is sufficient for

the needs of the public.   Waugh v. Leech, 28 Ill. 491; Town of Havard v. Senger, 34 Ill. App. 230; Fritz v. Kansas City, 84 Mo. 623; Sykes v. Pawlet, 43 Vt. 446; Fitzgerald v. Berlin, 64 Wis. 203; Monongahela v. Fisher, 111 Pa. St. 9; 56 Am. Rep. 241; Keyes v. Marcellus, 50 Mich. 439; 45 Am. Rep. 52; City of Wellington v. Gregson, 31 Kan. 439; 47 Am. Rep. 482; McArthur v. Saginaw, 58 Mich. 357; 55 Am. Rep. 687; Perkins v. Inhabitants of Fayette, 68 Me. 152; 28 Am. Rep. 84; Rice v. Montpelier, 19 Vt. 470; Ireland v. Oswego, etc., 13 N. Y. 531; Elliott on Rds. and Sts., p. 455 and n. 5; p. 456 and n. 1; 9 Am. & Eng. Enc. Law, 385; 2 Dillon Mun. Corp., Sec. 1016 and n. 1.

It is the right of every city or village to determine what part of the highway shall be used for the various purposes of passage, as for vehicles, gutters, sidewalks, trees, etc., and upon such subject the municipal discretion must prevail. McArthur v. Saginaw, 58 Mich. 357; 55 Am. Rep. 687; Detroit v. Beckman, 34 Mich. 125; 22 Am. Rep. 507; Cram v. City of Chicago, 138 Ill. 506; City of Chicago v. Apel, 50 Ill. App. 132.

A city or village is not required to keep the margins of a highway in passable condition.   Perkins v. Inhabitants of Fayette, 68 Me. 152; 28 Am. Rep. 84; Mochler v. Town of Shaftsbury, 46 Vt. 580; 14 Am. Rep. 634; City of Wellington v. Gregson, 31 Kan. 99; 47 Am. Rep. 482.

They are not required to light their streets at night.   And failure to do so is not negligence.   City of Freeport v. Isbell, 83 Ill. 440; City of Chicago v. Apel, 50 Ill. App. 132.

To render a city or village liable for an injury caused by a defect in a street, the defect must be of such a nature that it is dangerous in itself and can not be readily detected, or such that a person of ordinary prudence can not avoid danger of injury in passing it.   City of Quincy v. Barker, 81 Ill. 300.

Where the evidence is conflicting all the instructions should be accurate, clear and perspicuous.   Error in one instruction is not cured by others that are proper.   City of Hoopeston v. Eads, 32 Ill. App. 75; Sinnett v. Bowman, 151

Ill. 147; Smith v. People, etc., 142 Ill. 118; McClory v. Lancaster, 44 Ill. App. 213; D. & D. F. Co. v. McCabe, 49 Ill. App. 453.

An instruction that a city or village is "required to use reasonable care and diligence to keep its streets in safe condition of repair," or that "it is its duty to keep its streets in reasonable safe condition of repair" is erroneous. It is only required to use reasonable diligence to keep its streets in a reasonably safe condition of repair. City of Hoopeston v. Eads, 32 Ill. App. 75; City of Sandwich v. Dolan, 141 Ill. 430.

There can be no recovery where defendant convicts plaintiff of negligence at the time of the accident. R. R. Co. v. O'Connor, 13 Ill. App. 62.

Where one is injured by reason of a defect in a street, he is bound to show, in an action therefor, negligence in the corporation and absence of contributory negligence on his own part. Chicago v. Majors, 18 Ill. 349; Centralia v. Krouse, 64 Ill. 19.

The fact that teams and vehicle had been passing over this street and culvert, both day and night, for years, without injury or accident, was proper for the consideration of the jury as tending to prove negligence on the part of plaintiff. President, etc., of Fairbury v. Rogers, 2 Ill. App. 100.

SALMANS & DRAPER, attorneys for appellee.

The authorities cited by appellant in relation to the duty of the village to keep its streets in good repair in the "outskirts," do not sustain their position. City of McLeansboro v. Lay, 29 Ill. App. 478; City of Flora v. Naney, 136 Ill. 45; Mansfield v. Moore, 124 Ill. 133.

It is negligence for a municipal corporation to have within its limits an open ditch crossing one of its streets at any place where the street is open and unprotected, but it is incumbent on such corporation to keep its streets in a reasonably safe condition for the whole width of the same. Carter v. City of Chicago, 57 Ill. 286; 2 Beach on Public

Corporations, 1451; Monongahela City v. Fisher, 111 Pa. St. 9.

MR. PRESIDING JUSTICE PLEASANTS DELIVERED THE OPINION OF THE COURT.

Rankin is an incorporated village with a population of about four hundred, and includes the E. ½ of E. ¼ of section 11 and the W. ½ of W. ½ of section 12 in T. 23 N., R. 14 W. of the 2d P. M., in Vermilion county. Main street is a continuation of a country highway coming in from the south, extending north through the village. At its entrance it intersects at right angles Fifth avenue, which is at the extreme south end of the village plat. The house on it nearest the intersection is a block away, north of it, and east of Main is an open common. The photographs in the record give to neither any appearance of a village street, but to each that of a country road, with level, unobstructed and well-worn traveled wagon ways of the usual width in the middle. On the east side of Main and across the traveled part of Fifth avenue was a box culvert, about a foot square and fourteen and a half feet long. The ditch from the south end of it was filled up by washings from the south, so that the whole street south of its north end, being forty-six feet in width, was level, convenient and safe for driving. But north of the north end the ditch, about ten inches deep, was open.

Appellee and Henry C. Wright, living some miles south of the village, on an evening of November in 1893, were rapidly driven by a boy about seventeen years of age, in a two-horse top buggy, into the village, to take the 7:12 P. M. train for Chicago. To make it they had to go eight and a half miles and stop at two places in the village in one hour and seventeen minutes. The ground had been frozen but it had rained during the day and thawed a little on top. It also rained or misted during their drive and became very dark before they reached Rankin. Appellant and Wright were well acquainted with the two streets at and about their intersection and with the culvert, but the driver was not.

Their intention was to turn east on Fifth avenue. They told the driver to turn there. Appellee said it was too dark to see the culvert, but Wright says he could see and warned the driver that he was going to miss it. He had been driving fast, but when directed to turn he suddenly slowed and made almost a square turn. His right wheels went over the culvert but the left went into the ditch. He was sitting on the knees of the men, and the sudden check threw him out over the left front wheel, carrying the lines. The team became frightened and started to run; appellee jumped out and so fractured the fibula of one leg about three inches above the ankle joint. Wright remained in the buggy and the team stopped about two blocks east.

Appellee was confined to the house about a month, suffered the pain usually incident to such a fracture, and expended for treatment $52.

For the injury thus sustained he recovered in this action a judgment upon a verdict for $126, which was certainly little enough if he was entitled to anything.

Whether the village authorities failed to use ordinary care to keep the street, at the place of the accident, in reasonably safe condition for persons exercising a like ordinary care in the use of it, was the one question in the case.

Their duty to use such care to keep in such condition, to the extent of their entire width, streets which the necessity or convenience of the public requires them to use to that extent has been often declared by the courts and is unquestioned. But the street here in question, though within the corporate limits, was in fact clearly not such. For its use by vehicles it was confessedly all that it should have been—plain, wide and smooth enough to meet every reasonable requirement of necessity or convenience. Appellee had not the least occasion or intention to use it any further or in any other way than it was plainly intended by appellant and well fitted to be used. He knew its actual condition and the extent to which it was so fitted and intended. His failure so to use it was due to the unusual darkness of the night and his neglect to keep the lookout

thereby required and direct the ignorant driver to turn east before he had driven quite so far north on Main street.

The case presents the question whether the authorities of a village are bound to use any effort to keep all the streets within its limits reasonably safe for vehicles to the full extent of their width, without regard to the extent of their actual occupation for residence or business purposes.

So far as we are advised it has not been definitely settled by the Supreme Court of this State. Counsel for appellee have referred us to no authority, here or elsewhere, and hesitate to oppose the reversal of the judgment below because of the meager damages awarded; but counsel for appellant cite many cases from other States, and some from the Appellate Court of Illinois, which more or less directly support the negative. Since these have not been noticed by counsel for appellee, we are not disposed to lengthen this opinion by any review of or further reference to them. We are of opinion that no negligence on the part of the defendant was shown by the evidence, and, if there was, so much contributory negligence on that of the plaintiff was also shown as should bar his right to recover. The instructions given for him, in our opinion, went further than the law required in reference to the duty of the appellant in respect to streets of the character of the one in question, and the verdict should have been set aside as against the law and the evidence. The judgment will therefore be reversed and the cause remanded.